THE CITIZENS NATIONAL BANK OF NETCONG, NEW JER-
SEY, A BANKING CORPORATION OF THE UNITED
STATES OF AMERICA, PLAINTIFF-RESPONDENT, v.
JOHN WILLS, INC., A CORPORATION OF THE STATE
OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued February 5, 1943—Decided April 29, 1943.

For the plaintiff-respondent, *King & Vogt.*

For the defendant-appellant, *Milford Salny.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is the defendant's appeal
from a judgment entered on verdict directed for the plaintiff
bank. This is the second time a final judgment arising out
of the controversy between these parties has come to this
court for review. In the previous case the present defendant,
Wills, Inc., was plaintiff, having brought an action in debt
against the bank (*Wills, Inc.,* v. *Citizens National Bank, &c.,*
125 *N. J. L.* 546; 16 *Atl. Rep.* (*2d*) 804). The facts and
the circumstances surrounding them are set forth in adequate
detail in our opinion in that case. The sole issue in that

case, *supra,* was whether the bank had lawfully debited the Wills' account for the amount of certain notes endorsed by Wills, Inc. That corporation, a depositor of the bank, had discounted notes received from its customers in the course of business. The notes had been renewed from time to time. Finally, the bank advised the endorser, Wills, Inc., that the notes would have to be paid on their next due date. They were not paid and the bank charged or debited the Wills' account with the amount due on the dishonored obligations before sending out notice of protest. Notice of protest and dishonor was addressed to the endorser and placed in the mail *after* the bank had made itself whole by debiting the endorser's account. We held that at the time the bank made the deductions from the endorser's bank balance the right to do so had not matured because notice of protest had not been mailed at the time it was done. The judgment of the trial court—entered on a directed verdict for the bank—was reversed and the Wills Company was awarded judgment for the amount which the bank had prematurely transferred out of the Wills' account. That judgment was paid. The bank then brought the instant action against the Wills Company as the endorser of the two promissory notes, one made by Veigel, the other by Alberts.

The complaint in the present case recites the history of each loan: that the notes were discounted and proceeds credited to the Wills Company; the non-payment of each note; the deduction from the endorser's account on the due date; the notice of protest mailed the endorser after the debiting of its account; the judgment of this court in the former case; the payment of the judgment by the bank, the present plaintiff; and then a demand for payment of the amount of the notes on the theory that the liability of the endorser still subsists in these circumstances.

The defendant, Wills, Inc., sets up several separate defenses in its answer, namely, that all of the issues, claims and controversies between the parties were finally settled on the appeal in the first case, *supra;* that in the case of one of the notes now in suit, the bank, subsequent to the notice of protest, extended the time for payment without the endorser's

consent and received installments in reduction of the debt; and that the plaintiff bank is precluded from bringing the present action by virtue of the provisions of our statute *N. J. S. A.* 2:26-190 and 191 in that the matters and things pleaded in the present complaint should have been pleaded as a set-off in the previous suit. Thus the legal question is whether the bank has the right to recover in this suit in the face of our doctrine of *res judicata.* Stated another way: Is the plaintiff bank barred from prosecuting the present action because in the previous suit, when the depositor claimed against it for debt, it omitted to file a set-off based on endorsement, dishonor and protest, but instead framed an answer asserting a matured debt, satisfied out of the endorser's account, when, as a matter of law, a debt on the part of Wills in favor of the bank had not matured at the time the bank reimbursed itself for the notes endorsed by Wills, out of the Wills' account?

The defendant at the trial of the issue asked for a directed verdict in its favor on the ground that the matter was *res judicata, i. e.,* that the bank in the first suit should have pleaded by way of set-off to the plaintiff's action its undoubted right to recover against the endorser *after* notice of protest had been mailed. The learned trial judge held that the only issue in the first case was whether the bank had the right to debit or charge the Wills' account the amount of the notes *at the time* such action was taken and thereupon he directed a verdict for the plaintiff bank and judgment was entered. This statement of the issue, raised by the pleading in the first case, was accurate. The bank's answer in that case was rested solely on justification of its action taken. But it was not the only defense to the Wills' suit that could and should have been pleaded. Our statute, *N. J. S. A.* 2:26-190, provides: "If any two or more persons be indebted to each other, such debts or demands, not being for unliquidated damages, may be set off against each other; and if one of such debtors, or his executors or administrators, shall commence an action against the other, his executors or administrators, in any court of this state, it shall be lawful for the defendant at the trial, to set off as against the plaintiff the debts or demands

which may be due and owing to him as aforesaid." And section 191 provides as follows: "Any defendant failing to set off a debt or demand as authorized by section 2:26-190 of this title shall thereafter be precluded from bringing any action for such debt or demand which might have been set off by virtue of said section 2:26-190." And so the question comes down to this: Was there a debt due to the bank when the bank was sued by Wills in the first case for an unlawful deduction from the plaintiff's account which the latter could have set off against the Wills' claim? Undoubtedly there was. The bank was sued for a debt (and when the first suit was started, of course, by that time the notice of dishonor had been mailed to the endorser, Wills); the endorser was without question obligated under our law on the paper negotiated and bearing its endorsement, and the bank was required to interpose every defense then available to it, such as that which is now set out as its basis for this suit, viz., the liability of Wills as an endorser, after dishonor, protest and notice given.

The argument of the respondent seems to proceed upon the assumption that a debt was not due from Wills to the bank when the former sued the bank in the prior suit because the bank had paid itself out of the Wills' account; and that no debt existed from Wills to the bank until after the reversal of the bank's judgment in this court and payment by the bank of the moneys it had unlawfully deducted from the Wills' account. This contention is palpably unsound as a matter of law. No citation of authority is advanced to support it. This argument would require sanction for an illegal act, i. e., the premature debiting of the endorser's account. True enough, the bank may have considered the loan account closed but the illegality of its method of charging the Wills' account, before it had the right to do so, was the vice of the situation. Certainly, where A sues B for a debt which he is able to prove and B has a note, protested, which bears the endorsement of A, if B does not set up that fact in his answer by way of set-off then, under the statute, *supra*, the liability of A on the dishonored note is extinguished thenceforth. That is the situation here.

The only defense pleaded by the bank in the first action between the parties (*Wills, Inc.,* v. *The Citizens National Bank, &c., supra*) was that its deduction or debit of the account was lawful and that no debt was due the plaintiff. It had the right to aver that the plaintiff was in fact and in law obligated to it for the amount of the plaintiff's claim for the reason that it had already given notice to the plaintiff that the paper endorsed by the plaintiff had been dishonored. Failure to plead such defense or set-off was fatal and is a bar to the present action against the endorser. That matter is *res judicata* by virtue of *N. J. S. A.* 2:26-191. It follows therefore that the trial court erred in directing verdict for the bank; the verdict should have been directed in favor of the defendant, Wills Company.

\*     \*     \*     \*     \*     \*     \*

This appeal came in at the October term, 1942, and was submitted without oral argument. Because of the importance of the question involved, the court, on its own motion, called for oral argument. The case was fully argued at the February term, 1943. Counsel for the respondent was given leave to file a supplemental brief on the question of whether the bank had in fact filed a set-off in the previous litigation between the parties. Under the first point in the supplemental brief the respondent argues that "a plea of set-off was filed with the answer in the first suit \*  \*  \*;" under the second point the respondent argues that "no set-off could be filed in the first suit; \*  \*  \*." Under the third point the respondent argues that "when the first action was commenced the bank must have had an existing demand and right of action against the plaintiff before it could have filed a set-off \*  \*  \*." As a matter of fact, the Wills Company started its first action some forty days after the bank had prematurely debited or charged its account. It was as of that time that the rights of the parties were determined. The rule is well stated in 1 *C. J. S.* 1389, § 125—"As a general rule, at least so far as actions at law are concerned, \*  \*  \* the rights of the parties are determined as of the time of the beginning of the action. Plaintiff must therefore recover, if at all, according to the status of his rights at the time of

the commencement of the action and not at some earlier time * * * and ordinarily the same rule applies with regard to the rights and defenses of defendant * * *." And so the right of the bank to file a set-off at the time suit was started could not be questioned. This is a matter of every day practice. And the respondent, under its first point, says that this was in fact done. It is said that it was "ineptly" done and "not in conformity with the general form of set-off." As to this we conclude that a set-off was not pleaded in the first case formally or substantially. The defense rested on the proposition that there was no debt due to Wills. Nothing in the oral argument or the supplemental brief persuades us that this is otherwise.

Under the second point it is said no set-off could be filed because there was no mutual indebtedness. As to this it is manifest that the bank was indebted to the Wills corporation in this matter when it retrieved its debt before it had the right to do so by debiting the company's bank balance and that when the depositor brought action for this wrong, notice of protest and dishonor having in the meantime been mailed, it had a perfect right for set-off. The contingent liability of the endorser had become absolute (see syl. 3 and 4 of *Wills* v. *The Citizens, &c., Bank, supra*).

In the first case we reversed a judgment directed for the bank and ordered a judgment entered for Wills, Inc., in this court. A new venire was not ordered because there was no issue raised by the pleadings that might be tried anew. We held then and now that a set-off had not been pleaded. In the appeal now before us the directed verdict for the plaintiff-respondent was error and it must be reversed.

*For affirmance*—THE CHANCELLOR, BODINE, DONGES, WELLS, JJ. 4.

*For reversal*—THE CHIEF JUSTICE, PARKER, CASE, HEHER, PERSKIE, PORTER, DEAR, RAFFERTY, THOMPSON, JJ. 9.